UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

TIM VAWTER
:
:
Plaintiff(s),  :  Civil Action No. 09-3803 (JAP)
:
v.  :  **MEMORANDUM OPINION & ORDER**
:
FEDERAL GOVERNMENT,  :
:
Defendant(s).  :

*Pro se* plaintiff, Tim Vawter, brings this lawsuit against the United States alleging that "the federal government has engaged in gross negligence by funding and promoting flu vaccines that are proven to be dangerous" and that the government intends on "forc[ing] these flu vaccines onto the American public against their will." Compl. at 1-2. Presently before the Court is Plaintiff's motion for a preliminary injunction "to forbid forced flu vaccinations."[1] Motion at 2.

---

[1] On September 3, 2009, the Court denied without prejudice Plaintiff's preliminary injunction motion pending resolution of Plaintiff's application to proceed without the prepayment of fees. The Order provided that the motion could be renewed upon the filing of Plaintiff's complaint. In a motion for reconsideration of the September 3rd Order, Plaintiff points out that the Court overlooked that on August 14, 2009, Plaintiff submitted to the Clerk's office the appropriate filing fee and his complaint was filed. The Court, therefore, grants in part Plaintiff's motion for reconsideration and shall consider the preliminary injunction motion to have been renewed upon the filing of the complaint. To the extent that Plaintiff's motion for reconsideration asks that the matter be heard by a different judge and, therefore, can be construed as a motion seeking recusal of the undersigned, it is denied. Plaintiff has provided no grounds for such relief.

Federal Rule of Civil Procedure 65 provides that a Court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Plaintiff, however, has submitted no evidence that the defendant has been served with the complaint or with any motion papers in this case. Moreover, in addition to being procedurally defective, the Court finds that Plaintiff's motion fails on the merits as well.

In evaluating a motion for preliminary injunctive relief, a court must consider whether: "'(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.'" *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir.1999) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir.1998)). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Masurek v. Armstrong*, 520 U.S. 968, 972 (1997). Preliminary injunctive relief is an "extraordinary and drastic remedy", *id.*, which "should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir.1994).

In support of his motion, Plaintiff relies on the bare allegations in his papers, copies of "magazine articles [he] printed out from the Internet" (Vawter Aff. dated August 6, 2009), and videos he obtained from YouTube.com (*id.*). Plaintiff's submissions are simply not sufficient to establish that the aforementioned elements weigh in favor of granting the "extraordinary and drastic remedy" Plaintiff seeks. Accordingly,

**IT IS** on this 2nd day of October, 2009,

**ORDERED** that Plaintiff's motion for reconsideration [#7] is GRANTED in part and DENIED in part;

**ORDERED** that Plaintiff's motion for a preliminary injunction [#2] is DENIED;

**ORDERED** that Plaintiff having paid the filing fees for this action, his application to proceed in forma pauperis is DENIED as moot.

/s/ JOEL A. PISANO
United States District Judge